IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMELL ALLEN MURPHY, R71059,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**DOCTOR BABICH,** )<br>**NURSE CHILDRESS,** )<br>**SARGENT LAMB,** )<br>**SARGENT GOODCHILD,** )<br>**WARDEN OF LAWRENCE,** )<br>)<br>**Defendants.** ) | Case No. 24-cv-1893-DWD |

# <u>MEMORANDUM AND ORDER</u>

**DUGAN, District Judge:**

Plaintiff Jamell Allen Murphy, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Lawrence Correctional Center (Lawrence). (Doc. 1). Upon initial review, on August 22, 2024, the Court allowed Plaintiff to proceed on a single claim against Dr. Babich for his alleged failure to adequately diagnose and treat Plaintiff's torn meniscus in early 2024. (Doc. 6). On September 16, 2024, Plaintiff submitted an Amended Complaint. Defendant Dr. Babich has moved to stay his answer deadline pending review of the amended pleading. (Doc. 24). Plaintiff has also moved for recruitment of counsel. (Doc. 19).

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that

is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

Plaintiff complied with the Local Rules by clearly underlining material that is new to his amended pleading. (Doc. 18). The Court will briefly recap Plaintiff's initial allegations and will then explain the new additions.

In January of 2024, Plaintiff became lightheaded due to unrelated medical issues, and he lost consciousness in his cell. During the fall, Plaintiff injured his knee. Although it was x-rayed at the hospital after his fall, no specific care was prescribed at the time. Upon return to the prison, Plaintiff began to seek care for his knee. He alleges that in this quest for care, he encountered Defendant Dr. Babich on one occasion in person and he asked Babich to examine his knee. Dr. Babich performed a basic physical examination, and said he thought Plaintiff needed additional pain medication and physical therapy, but never followed up on those recommendations.

Plaintiff alleges in his amended pleading that on at least three occasions after his return from the hospital in January of 2024, he saw Defendant Nurse Childress. (Doc. 18 at 3). During these encounters, he repeatedly informed Childress that his knee was extremely painful, that it was making it hard to walk, and that he desired additional care. He also showed Childress that his entire knee and right leg were swollen. Despite

Plaintiff's requests and his physically observable symptoms, Childress refused to do anything and did not refer Plaintiff to the nurse practitioner or doctor.  (*Id.*).

Plaintiff alleges that in early February of 2024 he was moved to housing in the prison's infirmary for monitoring of a different medical condition.  (Doc. 18 at 4).  Eventually he was released back to Seven house.  He alleges that Defendants Lamb and Goodchild were sergeants who worked the 7 to 3 and 3 to 11 shifts in his housing unit.  He alleges that for a full month "day in & day out" he informed Lamb and Goodchild that he was in constant severe pain, but they refused to secure any additional medical assistance for him and instead ignored his serious medical need.  (Doc. 18 at 5).

Plaintiff then designates his own additional claims for this case, indicating he wishes to include claims against Childress, Goodchild, and Lamb.  (Doc. 18 at 6).  And also, that he wishes to add a supervisory liability claim against Dr. Babich.  (Doc. 18 at 7).

Based on the allegations in the Amended Complaint, the Court designates the following additional counts:

> **Claim 4:**   **Eighth Amendment deliberate indifference claim against Defendant Childress for refusing to treat Plaintiff's knee or to refer him to another medical provider;**
>
> **Claim 5:**   **Eighth Amendment deliberate indifference claim against Defendants Lamb and Goodchild for their role in denying Plaintiff's access to care.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court**.**  Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.  See *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Preliminary Dismissal

Plaintiff indicates in his amended complaint that he wishes to pursue a supervisory liability claim against Defendant Dr. Babich. (Doc. 18 at 7). However, there is no *respondeat superior* (supervisory) liability under § 1983, so this additional theory cannot proceed. *See e.g.*, Gayton v. McCoy, 593 F.3d 610, 622 (7th Cir. 2010) (there is no respondeat superior liability under § 1983, and individual's may only be held liable for their own actions). Thus, the supervisory liability claim against Dr. Babich will be dismissed.

## Analysis

To state a claim for deliberate indifference to a serious medical need, an inmate must show that (1) he suffered from an objectively serious medical condition; and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. Rasho v. Elyea, 856 F.3d 469, 475-76 (7th Cir. 2017). "Every claim by a prisoner that he has not received adequate medical treatment is not a violation of the Eighth Amendment." Petties v. Carter, 836 F.3d 722, 727 (7th Cir. 2016). To determine if a medical professional acted with deliberate indifference, courts look to the provider's subjective state of mind. *Id.* at 728. An inmate need not show that a doctor explicitly intended harm or believed it would occur, but he must show more than negligence, medical malpractice, or even objective recklessness. *Id.*

Plaintiff's new allegations against Defendant Childress are sufficient to proceed at this juncture. He alleges that he saw Childress on at least three occasions, complained of severe pain and showed Childress his severely swollen leg. At this early juncture, this is enough to proceed on a theory of deliberate indifference on Claim 4.

The Court previously dismissed Plaintiff's allegations against Defendants Lamb and Goodchild, because Plaintiff's allegations against these two were vague. Lamb and Goodchild are sergeants who worked in Plaintiff's housing unit while he was suffering from his knee injury. In the original complaint he said that he told them about his injuries, but he did not indicate what he specifically told them, when he told them, how often he told them, or what they might have observed about his condition. In the amended complaint, Plaintiff now adds that he told them about his injury and serious pain "day in and day out" for a month. However, he still does not say anything about what Goodchild or Lamb might have observed about his condition or what they knew about how serious his pain was.

Generally, non-medical prison officials may defer to medical staff unless they have reason to believe or actual knowledge that the prison medical staff are mistreating a prisoner. *See e.g., Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). The Plaintiff must demonstrate that his communication to a nonmedical prison official in its content and manner of transmission gave the official sufficient notice to alert them to an excessive risk to inmate health and safety. *Id.* As the Court previously explained, "[a] condition can be 'obvious' to a layperson even where he or she is unable to diagnose or properly identify the cause of an observed ailment." *Orlowski v. Milwaukee Cnty.*, 872 F.3d 417, 423 (7th Cir.

2017). Here, the Court finds that Plaintiff's allegations against Goodchild and Lamb still have not materially changed and still fall short of what is required to establish a plausible deliberate indifference claim. Although Plaintiff says he frequently complained to these two about his injury, he does not say what he told them about his condition or what they might have been able to observe as a layperson. He also does not comment on what if anything they knew about his intermittent visits to the medical unit. On the information presented, the Court still finds Plaintiff's allegations against Goodchild and Lamb insufficient to establish deliberate indifference. Thus, Claim 5 will be dismissed without prejudice for failure to state a claim.

### Motion for Recruitment of Counsel (Doc. 19)

Plaintiff's Motion for Recruitment of Counsel (Doc. 19) is **DENIED** at this time without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). In determining whether to recruit counsel, the Court considers two factors—Plaintiff's efforts to get counsel, and his ability to manage the litigation on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff's motion demonstrates that he has corresponded with attorneys about his case, but this showing is not dispositive. (Doc. 19 at 3). It appears that Plaintiff is competent to litigate the case himself at this stage. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010). Plaintiff's complaint was easy to understand, he filed a proper amended complaint that successfully incorporated an additional claim, and he has filed appropriate motions about injunctive relief. Further, at this early stage of the litigation, it is difficult to accurately evaluate the

need for the assistance of counsel.  See *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel...cannot be gauged.").  Service is still underway in this case, and the next steps will be simple and will be guided by a detailed scheduling order.  Although the motion is denied at this juncture, Plaintiff may renew his request for counsel if necessary, as the case progresses.

## Disposition

**IT IS HEREBY ORDERED THAT Claim 4** of the Complaint (Doc. 1) survives initial screening as described above against Defendant Nurse Childress.  **Claim 1** as previously designated against Dr. Babich may continue unchanged.  By contrast, the new allegations about respondeat superior liability against Dr. Babich are dismissed.  Additionally, **Claim 5** is dismissed as insufficiently pled.  The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants Goodchild and Lamb.  **Claims 2** and **3** were previously dismissed and have not been renewed by the Amended Complaint.

The Clerk of Court is **DIRECTED** to prepare for Defendant Nurse Childress: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 18), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on

Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.** However, the Warden need not file an answer because he or she has been added solely because Plaintiff seeks eventual injunctive relief.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change of address occurs. Failure to comply with this

order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. Fed. R. Civ. P. 41(b).

Defendant Babich's Motion to Stay (Doc. 24) is **GRANTED**. Dr. Babich sought to stay his obligation to file an answer until the Amended Complaint was reviewed under 28 U.S.C. § 1915A. Now that the Court has reviewed the Amended Complaint and has concluded that it does not expand the claims against him, Dr. Babich must **file an answer within 30 days**.

Plaintiff's Motion for Recruitment of Counsel (Doc. 19) is **DENIED** without prejudice.

On August 22, 2024, when the Court issued the initial Order for Service of Process (Doc. 6) it directed that the Warden of Lawrence be added to this case in official capacity only for the sole purpose of implementing future injunctive relief. Now that Plaintiff indicated his surgery has been scheduled, it is not apparent any injunctive relief will be warranted. Thus, the Clerk of Court is **DIRECTED** to **TERMINATE** the Warden of Lawrence without prejudice.

    **IT IS SO ORDERED.**

    Dated: October 23, 2024

                                                          DAVID W. DUGAN
                                                          United States District Judge