IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMELL ALLEN MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-1893-DWD |
| | ) |
| DOCTOR BABICH, NURSE CHILDRESS,, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff has filed a Motion to Reconsider Appointing Counsel. (Doc. 57). The Court denied Plaintiff's initial motion for counsel, finding that despite his efforts to recruit counsel, the case was not yet at a level of complexity that would require assistance. (Doc. 31). Plaintiff then filed a Second and Third Motion for Recruitment of Counsel. (Docs. 42 and 44). In those motions, Plaintiff argued he requires assistance because he knows little about the law, he has an eighth-grade education, he takes an unidentified medication that sometimes impacts his cognitive abilities, and because he believes he will require testimony from a medical expert. The Court denied Plaintiff's Third and Fourth Motion for Recruitment of Counsel noting the following:

1. While literacy and education are important, Plaintiff's pleadings demonstrate he has the ability to respond to Court orders and to engage with the tasks of this litigation.

2. Although Plaintiff's deliberate indifference claim may eventually become more complex, necessitating the need for assistance, the

> complexity of the case did not warrant the appointment of counsel prior to resolving the issue of exhaustion.

(Doc. 48, pgs. 7-9).

Additionally, the Court provided Plaintiff with specific instructions should he wish to renew his motion for appointment of counsel:

> If Plaintiff wishes to renew his Motion for Counsel later in the case, he should supply additional proof that he has attempted to recruit lawyers now that his case is beyond the 1915A initial review. In any future motion, Plaintiff must also clearly identify the specific problems that he is having pursuing the case on his own, whether that be securing witnesses, exchanging discovery, or something different.

(Doc. 48, pg. 9).

In his latest motion, Plaintiff reiterates that he lacks legal and medical experience and that his case may require expert testimony. (Doc. 57, pgs. 1-2). He also contends that he "has only made it this far reading a prisoner self-help litigation manual." (Doc. 57, pg. 2). Plaintiff, however, has failed to identify the *specific* problems he is having pursuing this case on his own. Instead, Plaintiff generally alleges that because he is not a doctor or an attorney, he may have difficulty as the case progresses. He also notes that "many cases" alleging deliberate indifference to a medical need require the use of an expert witness and because he plans to obtain an expert witness, he will require a "skilled attorney." (Doc. 57, pg. 2).

As previously explained, the legal standard governing requests for counsel in civil cases, as outlined in *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007), involves two key inquiries: First, the Court must d3etermine whether the Plaintiff has made a reasonable effort to secure counsel on his own. Second, if that threshold is met, the Court evaluates whether

2

the case's difficulty exceeds Plaintiff's ability to litigate it himself, considering both the complexity of the case and his demonstrated competence. Plaintiff's motion fails both prongs.

First, the Court instructed Plaintiff to provide proof that, after the case survived 1915A review, he has attempted to recruit attorneys on his own. Plaintiff's current motion does not include any such evidence. His failure to show renewed efforts to obtain counsel since the case progressed beyond the initial screening phase means he has not satisfied the mandatory first step.

Second, even if Plaintiff had met the first requirement, his motion does not demonstrate that the case's current demands exceed his abilities. The Court acknowledges Plaintiff's allegations regarding his limited education, lack of legal and medical experience, and potential need for an expert witness. But these factors do not warrant appointing counsel unless they translate into specific, observable difficulties in managing this litigation. To date, Plaintiff has filed motions, responded to Court orders, and submitted an Amended Complaint that survived screening – tasks that demonstrate an ability to communicate and navigate the legal process, despite his alleged limitations.

To justify the appointment of counsel, Plaintiff must pinpoint the exact challenges he faces, such as difficulties in gathering evidence, securing witnesses, understanding legal documents, preparing filings, or participating in discovery. For example, if Plaintiff struggles to obtain medical records or contact a potential expert witness due to his alleged limitations, he should explain those issues in detail. Plaintiff offers broad concerns—e.g., that he is not a doctor or attorney, and that "many cases" like his require experts—

3

without connecting these to concrete problems he is encountering now. Plaintiff's general apprehension about future complexity is not enough. As the Court has noted, if the case later becomes too complex for Plaintiff to handle, counsel may be warranted, but that point has not yet been reached. Accordingly, Plaintiff's motion will be denied without prejudice.

To succeed in a future motion for counsel, Plaintiff must explain how any alleged limitations are hindering his ability to perform specific tasks. Additionally, Plaintiff must pair these explanations with fresh evidence of his attempts to recruit counsel, such as rejection letters from attorneys or a list of firms he has contacted.

For these reasons, Plaintiff's Motion to Reconsider Appointing Counsel (Doc. 57) is **DENIED** without prejudice.

**SO ORDERED.**

Dated: April 11, 2025

s/*David W. Dugan*
DAVID W. DUGAN
United States District Judge