IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMELL ALLEN MURPHY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-1893-DWD |
| | ) |
| **DOCTOR BABICH, NURSE CHILDRESS,** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter is before the Court on Plaintiff's "Request for non-party subpoena[s] for Three Witnesses." (Doc. 66). For the reasons set forth herein, the Motion is **DENIED**.

**I.    DISCUSSION**

In the Motion, Plaintiff indicates that he is requesting non-party subpoenas for purposes of "interviewing" three individuals with information relevant to his case. Plaintiff seeks to subpoena CNA M. Hoover and CNA Harrison, both former Wexford employees who allegedly have information regarding Plaintiff's knee injury, and Dr. Adam Joseph Kahn, the surgeon who repaired Plaintiff's knee injury. Additionally, Plaintiff asks the Court to assist him in obtaining contact information for CNA Hoover and CNA Harrison, and to assist Plaintiff in making arrangements to interview all three witnesses.

Although not entirely clear, it appears that Plaintiff is requesting subpoenas to depose CNA Hoover, CNA Harrison, and Dr. Kahn by oral examination. Plaintiff may

depose parties and non-parties by using the procedures outlined in Federal Rule of Civil Procedure 30. However, Plaintiff must make all arrangements, serve all necessary parties, and pay the associated costs. Specifically, Plaintiff "must give reasonable written notice to every other party," which must include "the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). Additionally, Plaintiff "must state in the notice the method for recording the testimony," which may include "audio, audiovisual, or stenographic means." Fed. R. Civ. P. 30(b)(3)(A). As the noticing party, Plaintiff "bears the recording costs," which means that the party *arranging the deposition* must arrange and pay for a court reporter or other official to record the deposition. *Id*. The deposition "must be conducted before an officer appointed or designated under" Rule 28. Fed. R. Civ. P. 30(b)(5).

Because Plaintiff is incarcerated, he must obtain leave of the Court to depose a person by oral examination. Fed. R. Civ. P. 30(a)(2). The Court, however, will not grant leave to do so without a showing that Plaintiff can make the necessary arrangements and pay the associated costs. Such costs may include deposition officer fees (usually a stenographer or court reporter); stenographer or court reporter fees; and statutory witness fees ($40 per day for each day's attendance plus travel expenses under 28 U.S.C. § 1821).

Although Plaintiff is proceeding *pro se*, the Court is not authorized to fund the discovery he wishes to pursue. See *McNeil v. Lowery*, 831 F.2d 1368, 1372 (7th Cir. 1987) ("A litigant's constitutional right of access to the courts does not include a waiver of witness fees so that an indigent plaintiff can present his case fully to the

court."); *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) (a pro se plaintiff proceeding in forma pauperis "has no constitutional entitlement to subsidy ... to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund" (internal citations omitted)). *See also Whaley v. Erickson*, No. 05-C-898, 2006 WL 3692633 at *3 (E.D. Wisc. Dec. 11, 2006) ("Arranging for an officer to meet with the defendants and conduct numerous depositions would involve considerable expense and time."); *Clark v. Schaller*, No. 06-C-242, 2006 WL 2882963, at *1 (E.D. Wisc. Oct. 10, 2006) (ruling that plaintiff's IFP status "does not entitle him to the government's assistance when he seeks to take depositions"). Accordingly, if Plaintiff wishes to depose the specified witnesses, he must show that he is financially able to pay the statutory witness fees and that he has secured the services of a court reporter or stenographer and of a deposition officer.[1]

Plaintiff is also advised that Federal Rule of Civil Procedure 31 provides a means for conducting depositions by written interrogatory. As with depositions by oral examination, however, Plaintiff must make all arrangements, serve all necessary parties, and pay the associated costs. Additionally, the Court will not grant leave to conduct depositions by written interrogatory unless and until Plaintiff demonstrates he is financially able to pay the associated costs and that he has made the necessary arrangements.

---

[1] If Plaintiff meets these requirements and the Court finds that it is otherwise appropriate to grant leave to take depositions, the Court will address any issues pertaining to Plaintiff's inability to obtain the former Wexford employee's addresses due to security concerns.

## II. CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Non-Party Subpoenas for Three Witnesses (Doc. 66) is **DENIED** without prejudice.

**SO ORDERED.**

Dated: July 11, 2025                                   /s *David W. Dugan*
                                                                         _____
                                                                         DAVID W. DUGAN
                                                                         United States District Judge