IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMELL ALLEN MURPHY,                    )
                                        )
        Plaintiff,                      )
                                        )
vs.                                     )     Case No. 24-cv-1893-DWD
                                        )
DOCTOR BABICH, NURSE                    )
CHILDRESS,,                             )
                                        )
        Defendants.                     )

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter is before the Court on Plaintiff's renewed Motion for Recruitment of Counsel. (Doc. 81).

Plaintiff has previously filed multiple motions seeking recruitment of counsel. The Court denied Plaintiff's initial motion (Doc. 1), his Second and Third Motions (Docs. 42, 44), his Motion to Reconsider (Doc. 57), his Renewed Motion (Doc. 62), and his subsequent Emergency Motion (Doc. 64). (Docs. 31, 48, 59, 63, 65). In those orders, the Court explained that Plaintiff's deliberate indifference claim regarding treatment of his knee injury, while potentially requiring medical evidence at some future point, had not yet reached a level of complexity that exceeded Plaintiff's demonstrated ability to litigate it *pro se*. The Court specifically instructed Plaintiff that any future motion must include

(1) fresh evidence of renewed efforts to recruit counsel,[1] and (2) concrete identification of the specific problems he is encountering in pursuing the case. (See Doc. 48, p. 9; Doc. 59).

The legal standard governing requests for counsel in civil cases is set forth in *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc). Litigants have no constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Under 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent an indigent litigant on a volunteer basis, but the decision is discretionary. *Pruitt*, 503 F.3d at 649, 653–54. The Court engages in a two-step inquiry: (1) whether the plaintiff has made a reasonable attempt to secure counsel on his own (or has been effectively precluded from doing so); and (2) if that threshold is met, whether the difficulty of the case, factually and legally, exceeds the plaintiff's capacity as a layperson to coherently present it to the judge or jury. *Id.* at 654–55; *see also Olson v. Morgan*, 750 F.3d 708, 711–12 (7th Cir. 2014); *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's current motion fails both prongs.

First, Plaintiff states that he has unsuccessfully reached out to attorneys seeking representation, but he provides no documentation whatsoever, no names of attorneys or firms contacted, and no copies of rejection letters or letters mailed by plaintiff.[2] Despite

---

[1] In denying plaintiff's renewed motion to appoint counsel, the Court stated as follows:

> Plaintiff states he has written to two law firms in an attempt to retain counsel but provides a response from only one of the law firms declining representation. Based on this information, the Court finds Plaintiff has not made reasonable efforts to obtain counsel independently. Should Plaintiff choose to seek counsel at a later date, he should submit correspondence from at least two more attorneys to whom he has written and who have refused to take his case.

(Doc. 63).

[2] Plaintiff does not indicate that the prison's digital access only policy is also impacting his ability to provide copies of rejection letters from attorneys, and to the extent it is so impacting him, he can at least identify the attorneys contacted or provide copies of the letters he mailed out.

the Court's explicit prior instructions that future motions must include correspondence from at least two additional attorneys, Plaintiff has again failed to establish reasonable efforts to recruit counsel on his own.

Second, even if the first prong were satisfied, the factual and legal difficulty of this case does not exceed Plaintiff's demonstrated competence to litigate it himself. Plaintiff proceeds on a single Eighth Amendment deliberate indifference claim against Defendant arising from the alleged failure to diagnose or treat a specific knee injury. The claim turns primarily on facts within Plaintiff's personal knowledge (what symptoms he reported, what care (or lack of care) he received, and how his condition progressed). This is not an unusually complex medical case; it is the type of straightforward claim that a prisoner can litigate *pro se*.

Plaintiff also asserts that the Court has not accounted for his eighth-grade education, a diagnosed learning disability, and attention-deficit disorder. The Court has considered these allegations, however, they do not demonstrate that Plaintiff is unable to coherently present his case. Plaintiff's pleadings, motions, and other filings throughout this litigation, including the successful issuance of a non-party subpoena to his treating surgeon, are articulate, well-organized, and demonstrate a clear understanding of Court orders and the procedural requirements of litigation. He has responded to Court directives, amended his complaint, participated in discovery, and navigated the subpoena process despite his incarceration. These concrete actions outweigh Plaintiff's general assertions regarding his education and diagnoses. He has not explained, with specificity, how the learning disability or ADHD currently prevents him from performing

particular litigation tasks such as drafting filings, responding to discovery, or communicating with the Court. General claims of limitation, without linkage to observable difficulties in this case, are insufficient.

Plaintiff also identifies a specific discovery concern: the prison's policy of providing subpoenaed medical records only in digital format on a tablet, which he says prevents him from furnishing physical copies to Defendant and from taking the records (or the tablet) to his deposition. These concerns do not warrant recruitment of counsel. First, Plaintiff can comply with any request for production by executing a medical authorization or release form, allowing Defendant to obtain the records directly from the provider. Second, at his deposition Plaintiff will testify from his personal knowledge of the events and his own symptoms and treatment; he is not required to interpret medical records or bring physical copies or a tablet.[3] His access to the digital records for his own preparation is sufficient, and any minor inconvenience caused by the prison's digital-only policy does not rise to a level that exceeds his capacity to litigate.

In short, the difficulty of the case, factually and legally, does not exceed Plaintiff's capacity as a layperson to coherently present it. *Pruitt*, 503 F.3d at 655; *Olson*, 750 F.3d at 712. Plaintiff has successfully advanced the case through screening, discovery, and mediation. The current stage does not present complexities beyond those he has already handled.

---

[3] After Plaintiff filed the instant motion, the case was stayed pending mediation. It is unclear if Plaintiff's deposition was taken prior to issuance of the stay or will be rescheduled now that the stay has been lifted.

For the reasons stated above, Plaintiff's renewed Motion for Recruitment of Counsel (Doc. 81) is **DENIED** without prejudice. Plaintiff remains free to renew his motion at a later stage of the litigation if the case becomes substantially more complex or if he can demonstrate specific, concrete difficulties that hinder his ability to proceed. As previously directed, any future motion must be accompanied by (1) concrete evidence of renewed efforts to recruit at least two attorneys (e.g., names of attorneys/firms contacted, dates, copies of letters sent to the firms, and or rejection letters) and (2) a detailed explanation of the particular tasks he cannot perform without counsel's assistance.

**SO ORDERED.**

Dated: April 24, 2026

s/*David W. Dugan*
DAVID W. DUGAN
United States District Judge